UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHONDA FLEMING,<br><br>    Plaintiff,<br><br>    v.<br><br>ROSEN, BIEN, GALVAN & GRUNFELD LLP, et al.,<br><br>    Defendants. | Case No. 25-cv-10334-RFL (PR)<br><br>**ORDER OF SERVICE;**<br><br>**ORDER DIRECTING DEFENDANTS TO FILE A DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;**<br><br>**INSTRUCTIONS TO CLERK** |

**INTRODUCTION**

Plaintiff Rhonda Fleming alleges that her counsel in another federal action are liable for breach of duty and other civil wrongs.  Her complaint containing these allegations is now before the Court for review pursuant to 28 U.S.C. § 1915.  When liberally construed, Fleming has stated claims for relief.  The Court directs that on or before **August 3, 2026**, Defendants Ernest Galvan, Kate Jane Janssen, and Rosen, Bien, Galvan & Grunfeld, LLP shall file in response to the complaint a dispositive motion, or a notice regarding such motion.

No hearing will be held on any motion unless the Court specifically orders one.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a litigant is proceeding in forma pauperis.  *See* 28 U.S.C. § 1915(e)(2).  In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.*

1

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

**B.**    **Legal Claims**

Plaintiff Fleming alleges that she is a class member of *California Coalition for Women Prisoners (CCWP) et al v. United States of America Federal Bureau of Prisons*, 23-cv-04155 YGR. (Compl., Dkt. No. 1 at 1.) She alleges that her counsel (Ernest Galvan and Kara Jane Janssen and their firm Rosen, Bien, Galvan & Grunfeld, LLP (RBGG)) in that action are liable for malpractice, professional negligence, breach of duty of loyalty (under both California and Texas state law), intentional infliction of emotional distress (under both California and Texas state law), and breach of the duty to defend. (*Id.* at 3-4.) When liberally construed, these claims are cognizable and shall proceed against Galvan and Janssen and their firm RBGG.

This Court's jurisdiction over this suit is based on the fact that the parties are diverse and Fleming's allegation that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. None of Fleming's claims involve a federal question. However, Fleming was in custody in Texas when the suit was filed (she is now housed in Kentucky) and defendants' firm is in California. She also alleges that damages, costs, and attorney fees "amount to $70 million." (Dkt. No. 1 at 4.) This satisfies the requirements of 28 U.S.C. § 1332.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.    The Clerk of the Court shall issue summons and the United States Marshal shall

serve, without prepayment of fees, a copy of the complaint in this matter (Dkt. No. 1), and all attachments thereto, on Defendants Ernest Galvan, Kate Jane Janssen, and Rosen, Bien, Galvan & Grunfeld, LLP at 101 Mission Street, Sixth Floor, San Francisco, California 94105. The Court orders these Defendants to respond to the cognizable claims raised in the complaint.

2. On or before **August 3, 2026**, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claim(s) in the complaint found to be cognizable above.

a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.

3. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than forty-five (45) days from the date Defendants' motion is filed.

4. Defendants shall file a reply brief no later than fifteen (15) days after Plaintiff's opposition is filed.

5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6. All communications by the Plaintiff with the Court must be served on Defendants, or on Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9.    Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

10.    A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed. *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012). Defendant shall provide the following notice to Plaintiff when they file and serve any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998).

**IT IS SO ORDERED.**

**Dated:** March 24, 2026

RITA F. LIN
United States District Judge